**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SHERYL L. COSS,                           )
                                          )
            Plaintiff,            )
v.                                        )
                                          )   Case No. 16-2301-CM
NANCY A. BERRYHILL, ACTING                )
COMMISSIONER OF SOCIAL                    )
SECURITY,                                 )
            Defendant.            )
_____)

**MEMORANDUM AND ORDER**

Plaintiff Sheryl L. Coss claims that she became disabled on June 3, 2013. She suffers from heart problems, diabetes, an aneurysm, depression, elbow problems, eye problems, and sleep apnea. Plaintiff has not engaged in substantial gainful activity since June 2013, after undergoing coronary bypass surgery. She filed this action pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq., requesting disability benefits.

An Administrative Law Judge ("ALJ") found that plaintiff was not disabled in a decision issued in November 2015, which stands as the final decision of the Commissioner of Social Security. Plaintiff argues that the ALJ erred in several ways: (1) he failed to properly weigh the medical opinions; (2) he unreasonably discounted plaintiff's credibility; and (3) he improperly held that she was capable of returning to her past work. After reviewing the record, the court makes the following rulings.

**I.**    **Legal Standard**

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record? (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). "Substantial evidence" is a

-1-

term of art. It means "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). When evaluating whether the standard has been met, the court is limited; it may not reweigh the evidence or replace the ALJ's judgment with its own. *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)). On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ. *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

Plaintiff bears the burden of proving disability. *Hunter*, 321 F. App'x at 792. A disability requires an impairment—physical or mental—that causes one to be unable to engage in any substantial gainful activity. *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)). Impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The ALJ uses a five-step sequential process to evaluate disability claims. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citation omitted). But the ALJ may stop once he makes a disability determination; he does not need to continue through subsequent steps if he is able to find a claimant disabled or not disabled at an intermediate step. *Id*.

The components of the five-step process are:

- **Step One**: The plaintiff must demonstrate that she is not engaged in substantial gainful employment activity. *Id*. If the plaintiff meets this burden, then the ALJ moves to Step Two.

- **Step Two**: The plaintiff must demonstrate that she has a "medically severe impairment or combination of impairments" that severely limits her ability to do work. *Id.* (internal quotation omitted).
    - If the plaintiff's impairments have no more than a minimal effect on her ability to do work, then the ALJ can make a nondisability determination at this step.
    - If the plaintiff makes a sufficient showing that her impairments are more than minimal, then the ALJ moves to Step Three.
- **Step Three**: The ALJ compares the impairment to the "listed impairments"—impairments that the Secretary of Health and Human Services recognizes as severe enough to preclude substantial gainful activity. *Id.* at 751.
    - If the impairment(s) match one on the list, then the ALJ makes a disability finding. *Id.*
    - If an impairment is not listed, the ALJ moves to Step Four of the evaluation. *Id.*
- **Prior to Step Four**: The ALJ must assess the plaintiff's residual functional capacity ("RFC"). *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)).
- **Step Four**: The plaintiff must show that she cannot perform her past work. *Williams*, 844 F.2d at 751. If plaintiff shows that she cannot, the ALJ moves to the last step.
- **Step Five**: Here, the burden shifts to the ALJ. The ALJ must show that the plaintiff can perform some work that exists in large numbers in the national economy. *Id.*

**II. Analysis**

In this case, the ALJ proceeded through Step Four, ultimately finding that plaintiff could perform her past work. Plaintiff challenges the ALJ's construction of her RFC based on the medical

opinions in the record and credibility findings by the ALJ. She also challenges how the ALJ determined that she could engage in her past work.

The record in this case is substantial. Plaintiff was seen by a number of doctors for various problems during her alleged period of disability. In the ALJ's review of the record, plaintiff claims that he "picked and chose" evidence in the record that supported a finding of no disability—ignoring substantial evidence that supported a finding of disability. Specifically, plaintiff argues that the ALJ ignored the opinions of physicians that supported a finding that she could only perform unskilled work (which would have rendered her disabled under the Commissioner's rules), and that she could not work a full day without taking multiple breaks and napping. Plaintiff claims that if the ALJ had given more weight to the opinions of Dr. Suzanne Crandall, Dr. Ravi Patel, and Dr. David Pulcher, a disability finding would have been required. Dr. Crandall was a treating physician, and Drs. Patel and Pulcher were examining physicians. The ALJ gave their opinions less weight than the opinions of several non-examining consultants and other doctors who were only focused on one element of plaintiff's health—not the entire scope of her health.

### A. Dr. Crandall's Opinion

Dr. Crandall is plaintiff's treating neurologist. "'Treating source medical opinions are [ ] entitled to deference,' and must be either given controlling weight or assigned some lesser weight 'using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.'" *Andersen v. Astrue*, 319 F. App'x 712, 718 (10th Cir. 2009) (quoting Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *4). The ALJ must give the opinion controlling weight if it is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If the opinion fails either of these tests, then the ALJ must consider a number of factors to determine the weight to give the opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). The ALJ's opinion need not explicitly discuss each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), but it must be clear that the ALJ considered every factor, *see* 20 C.F.R. § 404.1527(c)(2) ("[W]e apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion."); SSR 96-2p, 1996 WL 374188, at *4 ("Treating source medical opinions . . . must be weighed using all of the factors provided . . . ."). When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's reports. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289–90 (10th Cir. 1995).

Dr. Crandall opined that plaintiff would miss three or more days from work per month, would require extra breaks, and would need to lie down and nap during an eight-hour day. The ALJ stated that he considered Dr. Crandall's opinion, but he discounted it (to some unspecified degree) because he suggested that plaintiff saw Dr. Crandall only once. The ALJ summarily concluded that Dr. Crandall did not have further contact with the claimant, and that her opinions were "not well supported by clinical findings, diagnostic testing or the preponderance of evidence in the record." (Doc. 4-1 at 29.)

There are several problems with the ALJ's analysis. First, plaintiff saw Dr. Crandall from 2012 through at least August 2014. There are multiple documents in the record evidencing at least five visits with Dr. Crandall. Second, while it is clear that the ALJ gave less weight than controlling weight to the opinion, the ALJ did not specify the weight. *See Brownrigg v. Berryhill*, No. 16-7002, 2017 WL

2179113, at *5 (10th Cir. Apr. 19, 2017) (holding that the ALJ must discuss the weight he assigns to the opinions of treating physicians) (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012)).  Third, the ALJ did not identify which evidence was inconsistent with Dr. Crandall's opinion. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2014) ("[T]he ALJ must specifically highlight those portions of the record with which the [treating] physician's opinion was allegedly inconsistent[.]").

Based on these errors, the court concludes that the ALJ's analysis of Dr. Crandall's opinion—the opinion of a treating physician—was inadequate under the law.  Without more discussion and accurate references to evidence in the record, the court cannot meaningfully evaluate whether the ALJ's decision to give Dr. Crandall's opinion something less than controlling weight is supported by substantial evidence.

### B. Dr. Patel's Opinion

Dr. Patel examined plaintiff once after her June 2015 hearing.  Dr. Patel found that plaintiff had only eight pounds of grip strength bilaterally and could never balance.  The ALJ gave Dr. Patel's opinion "weight only insofar as [it] agree[s] with [the ALJ's functional assessment]."  The ALJ did not specify why he discounted Dr. Patel's opinion, but observed that Dr. Patel saw plaintiff only once and "reviewed only limited records."  It is unclear to the court whether the statement that Dr. Patel reviewed only limited records is accurate.

The ALJ's analysis of Dr. Patel's opinion is insufficient.  The court cannot determine why the ALJ gave less weight to Dr. Patel's opinion, and therefore cannot meaningfully review the decision. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen, as here, an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination.").

### C. Dr. Pulcher's Opinion

Dr. Pulcher saw plaintiff for a consultative psychological examination at the request of defendant. Dr. Pulcher opined that plaintiff might have difficulty interacting with others. He further opined that plaintiff was limited to "simple" work because her attention and concentration were at the lower end of the average range. The ALJ gave only limited weight to Dr. Pulcher's opinion because plaintiff's past employer had longitudinal contact, and the employer reported that plaintiff worked with other people as part of her job without problem. But the employer's assessment, of course, related to plaintiff's behavior before her claimed date of disability. And although the ALJ stated that the evidence, including Dr. Pulcher's own findings, fails to show significant mental limitations, he did not identify the evidence to which he refers. Instead, the ALJ merely cites page 8 of Exhibit 4A, which is the report of Dr. Charles Fantz, a non-examining medical consultant.

As with Drs. Crandall and Patel, the ALJ's treatment Dr. Pulcher was cursory and inadequate to give this court a basis on which to review whether the ALJ's decision was supported by substantial evidence. The opinions of these three doctors are the opinions which could support a finding of disability.

On the other hand, the ALJ gave great weight to the opinions of other doctors—the opinions that support a finding of "not disabled." Dr. Oliver did not examine plaintiff or review part of the record, including Drs. Crandall's and Patel's opinions. He repeatedly said that his review was limited to a cardiac standpoint. He did not opine on plaintiff's other ailments. Likewise, Dr. Robin Reed (a non-examining psychological consultant) did not review Dr. Pulcher's opinions, and Dr. Fantz inaccurately characterized a portion of Dr. Pulcher's opinion. This court may not reweigh the evidence, but the ALJ was willing to overlook factors that detracted from the validity of the opinions

of these doctors. He did not do the same for Drs. Crandall, Patel, and Pulcher (or at least he did not explain with adequate reasoning why he was unwilling to overlook flaws with their opinions).

The court concludes that the ALJ's review of the opinions of various physicians was inadequate. He did not apply the governing law in deciding what weight to assign to the opinions of Drs. Crandall, Patel, and Pulcher. On remand, the ALJ may still reach the same ultimate opinion, but this court must be able to follow the reasoning of the ALJ to determine that his analysis is supported by substantial evidence in the record.

### D. Other Arguments

Because the court concludes that the ALJ erred in his evaluation of the physician's opinions, the court need not reach the ALJ's credibility findings or his conclusion that plaintiff was capable of engaging in her prior work. Both of these determinations may be subject to change on remand.

Plaintiff asks this court to make an immediate award of benefits rather than remanding the case for further proceedings. But the court determines that further fact-finding would be useful and beneficial. *See Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989). ("Outright reversal and remand for immediate award of benefits is appropriate [only] when additional fact finding would serve no useful purpose."). The court should only direct an award of benefits when the administrative record has been fully developed and when substantial and uncontradicted evidence indicates that the claimant is disabled and entitled to benefits. *Gilliland v. Heckler*, 786 F.2d 178, 184, 185 (3d Cir. 1986). Here, the record contains evidence both supporting a finding of disability and contradicting such a finding. The court's jurisdiction in Social Security cases is limited; the court only reviews the final decision of the Commissioner. *Califano v. Sanders*, 430 U.S. 99, 105–07 (1977). The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. It is the Commissioner's duty to resolve factual issues and evidentiary conflicts. *Lax v. Astrue*, 489 F.3d 1080,

1084 (10th Cir. 2007); *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). In this case, it is appropriate to remand for the ALJ to make and record factual findings about the various physicians and their opinions.

**IT IS THEREFORE ORDERED** that the decision of the Acting Commissioner of Social Security is reversed and remanded for procedures consistent with this Memorandum and Order.

The case is closed.

Dated this 10th day of July, 2017 at Kansas City, Kansas.

        **s/ Carlos Murguia_____**
        **CARLOS MURGUIA**
        **United States District Judge**